FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD
OCT 07 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Jose DeCastro
5350 Wilshire Blvd., P.O. Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE DECASTRO,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

Defendants.

Case No. 2:26-cv-02095-CDS-MDC

PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF PROCESS (FIRST REQUEST)
(Fed. R. Civ. P. 4(m) and 6(b)(1)(A))

Plaintiff Jose DeCastro, appearing pro se, moves under Federal Rules of Civil Procedure 4(m) and 6(b)(1)(A) and Local Rule IA 6-1 for a sixty-day extension of the deadline to serve the summons and complaint, from October 8, 2026 to December 7, 2026, as to the presently named Defendants and, to the extent any Doe Defendants are identified and properly substituted during the extension period, those Defendants as well. This is Plaintiff's first request for an extension of the service deadline in this action, and it is made before the current deadline expires.

I. Background

Plaintiff filed this civil rights action on July 10, 2026. It arises from his incarceration at the Clark County Detention Center from March 17, 2024 to July 11, 2024. Decl. of Jose DeCastro ("DeCastro Decl.") ¶¶ 2 to 3. Under Rule 4(m), the deadline to serve Defendants is October 8, 2026.

Defendants have not yet been served, and no Defendant has appeared. DeCastro Decl. ¶ 4. During the service period, Plaintiff understood that an attorney would be appearing on his behalf in this action and would handle service. That attorney did not enter an appearance, and service was not undertaken. After confirming from the docket that no attorney had entered an appearance and that service had not been undertaken, Plaintiff promptly prepared this motion before expiration of the Rule 4(m) deadline. DeCastro Decl. ¶ 5.

Plaintiff has a concrete plan to complete service within the requested period. He will promptly obtain issued summonses from the Clerk for each presently named Defendant and engage ABC Legal Services, a professional process server he has used in his other cases in this District, to serve each of them in the manner provided by Rule 4. He will file proof of service promptly after service is made. Plaintiff intends to begin service efforts immediately and does not seek this extension for purposes of delay. The requested sixty-day period will provide sufficient time to obtain the necessary summonses, effect service on the presently named Defendants through a professional process server, address any unsuccessful service attempts, and continue reasonable efforts to identify the Doe Defendants through public records requests and, when procedurally available, discovery. DeCastro Decl. ¶ 6.

## II. Argument

### A. An extension is warranted under Rule 4(m).

Rule 4(m) requires an extension upon a showing of good cause and also permits the Court, in its discretion, to extend the service period even where good cause is not established. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). In exercising that discretion, the Court may consider "statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quotation omitted).

The limitations factor weighs heavily in Plaintiff's favor. The incarceration underlying these claims ended more than two years ago. Dismissal would therefore expose Plaintiff to a substantial statute of limitations problem, and even a dismissal nominally without prejudice could effectively prevent adjudication of the claims on their merits.

There is no apparent prejudice to Defendants. The case has not progressed beyond the filing of the complaint, no Defendant has appeared, and no schedule is in place that a sixty-day extension would disturb.

Service on the presently identified Defendants is realistic and reasonably achievable within the requested extension. Several Defendants are public entities or public employees whose institutional affiliations are known. Plaintiff's good-faith understanding, based on counsel's communications, that counsel would enter an appearance and handle service, together with Plaintiff's prompt action after learning that no appearance had been entered, also weighs in favor of an extension. Plaintiff has identified the process server he will use and requests a defined period to complete the work.

B. Good cause exists under Rule 6(b)(1)(A).

Because this motion is made before the deadline expires, the Court may extend the deadline for good cause. Fed. R. Civ. P. 6(b)(1)(A). Requests made before the applicable deadline "should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quotation omitted). There is no bad faith here. The delay arose from Plaintiff's good-faith understanding that counsel would be handling service, and Plaintiff brings this request promptly, before the deadline, with a specific plan and a defined end date, and there is no apparent prejudice to any party.

III. Conclusion

Plaintiff respectfully requests that the Court extend the Rule 4(m) deadline for service of the summons and complaint through December 7, 2026, as to the presently named Defendants and, to the extent any Doe Defendants are identified and properly substituted during the extension period, those Defendants as well.

Dated: October 6, 2026

/s/ Jose DeCastro
Jose DeCastro, Plaintiff, Pro Se

JOSE DECASTRO,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

Defendants.

Case No. 2:26-cv-02095-CDS-MDC

DECLARATION OF JOSE DECASTRO IN SUPPORT OF MOTION TO EXTEND TIME FOR SERVICE OF PROCESS

I, Jose DeCastro, declare as follows:

1. I am the Plaintiff in this action and appear pro se. I have personal knowledge of the facts stated in this declaration and could testify to them if called.

2. I filed the complaint in this action on July 10, 2026.

3. The claims in this action arise from my incarceration at the Clark County Detention Center from March 17, 2024 to July 11, 2024.

4. As of the date of this declaration, the Defendants have not been served, and no Defendant has appeared in this action.

5. Attorney Michael Mee conveyed to me that he would be entering an appearance on my behalf in this action, and I understood that he would handle service of process. He did not enter an appearance, and service was not undertaken. After confirming from the docket that no attorney had appeared for me in this action, I promptly prepared this motion before the service deadline expired.

6. I intend to promptly obtain issued summonses from the Clerk for each presently named Defendant and engage ABC Legal Services, a professional process server I have used in my other cases in this District, to serve each of them. I will file proof of service promptly after service is made. I will continue reasonable efforts to identify the Doe Defendants through public records

requests and, when procedurally available, discovery. I intend to begin service efforts immediately, and I do not seek this extension for purposes of delay.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2026, at Los Angeles, California.

/s/ Jose DeCastro
Jose DeCastro, Plaintiff, Pro Se

## STATEMENT REGARDING SERVICE

No Defendant has been served with process or has appeared in this action, and no attorney has entered an appearance on behalf of any Defendant.

Dated: October 6, 2026

/s/ Jose DeCastro
Jose DeCastro, Plaintiff, Pro Se